| | |
|---|---|
| CHARLES CHERKES<br>250 President Street<br>Apt 313<br>Baltimore, MD 21202 | IN THE CIRCUIT COURT<br><br>OF MARYLAND<br><br>BALTIMORE COUNTY |
| and | |
| ELYSE C. CHERKES<br>250 President Street<br>Apt 313<br>Baltimore, Maryland 21202<br>    *Plaintiff* | |
| v. | Case No.: |
| TARGET CORPORATION<br>777 Nicollet Mall<br>Minneapolis, Minnesota 55402 | |
| SERVE ON: CORPORATION TRUST, INC<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093 | |
|     *Defendant* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

## AND

## ELECTION FOR JURY TRIAL

NOW COMES the Plaintiffs, Charles Cherkes and Elyse C. Cherkes, by John R.

Costello, Esq., and Hochberg, Costello, & Baron, their attorney, and sues Target Corporation,

Defendant, and states as follows:

## FACTS COMMON TO ALL COUNTS

https://www.sedgwicksir.com/EditorHTML5/printModule.html                 2/22/2021

Case 1:21-cv-00043-ELB Document 1-5 Filed 02/22/21 Page 2 of 4

1.  That all times hereinafter mentioned, Defendant, Target Corporation is a duly licensed and registered corporate entity, duly licensed and registered in and doing business throughout the state of Maryland, including Baltimore County, Maryland, and which corporate entity owns, operates and manages a commercial retail store located at 9901 York Rd., Cockeysville, Maryland 21030;

2.  That all times relevant hereto Defendant Target maintained and controlled daily operations of said store through its agents and employees.

3.  That in such capacity, Defendant Target owed a duty to the public, including Plaintiff, to exercise reasonable and ordinary care in maintaining said premises and not allowing a hazardous condition to exist.

## COUNT ONE
## NEGLIGENCE

That Plaintiff incorporates by reference all facts and allegations contained in Paragraphs 1 through 3 of the Complaint and further states:

4.  That on or about March 4, 2018, Plaintiff, Charles Cherkes, as an invitee, was shopping at the Target store located at 9901 York Road, Cockeysville, MD 21030;

5.  That while carefully and prudently walking in an aisle at said store, and in the exercise of due care, said Plaintiff slipped and fell on a wet, foreign substance located on the aisleway where the Plaintiff was walking;

6.  That the Plaintiff's slip and fall was caused by the negligence of the Defendant, by and through its agents and employees, in allowing a dangerous and hazardous condition to exist, where Defendant knew (actual knowledge) or in the exercise of reasonable, ordinary care, should have known (constructive knowledge), a foreign substance was on the floor in the aisle creating a hazard to shoppers walking through the aisle; in failing to remove in a reasonably timely manner

https://www.sedgwicksir.com/EditorHTML5/printModule.html          2/22/2021

the foreign substance from the floor where Plaintiff was walking, thereby breaching Defendant's continuous duty to the public to prevent and properly address the presence of said dangerous and hazardous condition; in failing to warn the Plaintiff of the existence of said dangerous foreign substance on the floor where Plaintiff was walking; and the Defendant was otherwise careless and negligent.

7.    That as direct result of Defendant's negligence, carelessness and breach of duty, Plaintiff was caused to fall;

8.    That's a result of the fall, Plaintiff sustained serious and permanent injury to his spine, back, left hamstring and body as a whole;

9.    That the serious bodily injuries sustained by the Plaintiff required him to obtain medical treatment, to lose time from work and his usual activities and duties, all of which have caused and will continue to cause Plaintiff great pain, suffering and physical and mental anguish;

10. That all the Plaintiff's injuries, damages, and other losses occurred solely as a result of Defendant's negligence, without any contributory negligence on the part of the Plaintiff thereunto contributing.

## COUNT TWO
## (LOSS OF CONSORTIUM)

The Plaintiffs, CHARLES CHERKES and ELYSE C. CHERKES, his wife, sue the Defendant, Target Corporation,  in this Second Count of the Complaint and repeat and reallege all statements contained in the previous Count and paragraphs and state further as follows:

11. That at all times herein the Plaintiffs, Charles Cherkes and Elyse Costello Cherkes, were married as husband and wife;

12. That as a result of the injuries sustained by the Plaintiff, Charles Cherkes, the Plaintiffs,

000307824G0001                    6020210126008101

as husband and wife, suffered loss to their marital relationship and loss of consortium.

**WHEREFORE** based on the reasons enumerated above, Plaintiff, Charles Cherkes demands judgment against the Defendant in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

John R. Costello, Esq. (CPF: 7312010058)
528 E. Joppa Road
Towson, MD 21286
410-823-2922
jack@bestlawyershcb.com
*Attorney for Plaintiff*

## ELECTION FOR JURY TRIAL

The Plaintiffs elect a jury trial in this matter.

John R. Costello, Esquire
*Attorney for Plaintiff*

https://www.sedgwicksir.com/EditorHTML5/printModule.html                    2/22/2021